**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **FRANCISCO JAVIER RODRIGUEZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:18-cv-00156-O-BP** |
| | § | |
| **WICHITA COUNTY DISTRICT** | § | |
| **ATTORNEY'S OFFICE,** | § | |
| | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Amended Petition for Writ of Habeas Corpus filed by Petitioner Francisco Javier Rodriguez ("Rodriguez") pursuant to 28 U.S.C. § 2254, ECF No. 5, on October 22, 2018, and Petitioner's Answers to the Court's Questionnaire, ECF No. 11, filed on February 15, 2019. After considering the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** the Amended Petition for Writ of Habeas Corpus, ECF No. 5, for failure to exhaust state remedies.

**Background**

Rodriguez was detained in the Wichita County Jail in Wichita Falls, Texas at the time this case was filed. He is now an inmate confined in the Roach Unit of the Texas Department of Criminal Justice ("TDCJ") in Childress, Texas, and brings this action pursuant to 28 U.S.C. § 2254. ECF No. 5. Rodriguez challenges the fact that he has been convicted of numerous crimes under the name "Francisco Javier Rodriguez Jr.," but his name is "Francisco Javier Rodriguez." ECF No. 5 at 6-9. He does not challenge the fact of any of his prior convictions or sentences. *Id.* at 9. He simply challenges the misnomer.

According to Rodriguez, he was convicted on two separate occasions in the 78th Judicial District Court of Wichita County. ECF No. 11 at 1. On October 6, 2010, he was convicted in Cause No. 48347-B for the offense of deadly conduct/organized criminal activity. On October 10, 2018, he was convicted in the following cases for the offenses listed: 59903-B, tampering/fabricating physical evidence; 60333-B, burglary of a habitation; 60334-B, evading arrest, detention with a vehicle; and 60335-B, unlawful possession of a firearm by a felon.

The TDCJ Offender Information database confirms Rodriguez's convictions in those same cases. It also reflects that he was sentenced on July 22, 2016 in Cause No. 57,390-B in Wichita County for possession of a controlled substance: methamphetamine with an offense date of January 21, 2016, and on April 1, 2019 in Cause No. 2018-0051A-CR in Archer County for burglary of a habitation with an offense date of April 30, 2018. *See* Texas Department of Criminal Justice, Offender Information Details, https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail. action?sid=07654614 (last visited June 11, 2020).

In his Amended Petition, Rodriguez stated that he did not appeal his convictions to the state court of appeals, file a petition for discretionary review with the Court of Criminal Appeals, or seek state habeas corpus relief. ECF No. 5 at 3. In his Answers to the Court's Questionnaire, he stated that he was not aware of directly appealing any of his convictions or of seeking discretionary review from the Court of Criminal Appeals. ECF No. 11 at 2-3. Likewise, he stated "N/A" when asked whether he challenged any conviction in a state writ of habeas corpus or other state proceeding. *Id.* at 4.

**Legal Standards and Analysis**

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner must fully exhaust state remedies before seeking federal habeas relief. The exhaustion requirement is designed to "protect the state

court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Exhaustion of state court remedies requires submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

Rodriguez has not satisfied the exhaustion requirement because he has not completed one round of the Texas appellate review process. A review of the state court appellate docket confirms that he did not appeal any of his convictions or file any state court applications for writs of habeas corpus in connection with any convictions in Wichita County or Archer County. *See* TAMES Search, http://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=cat (search Style Rodriguez and Trial Court County Wichita and search Style Rodriguez and Trial Court County Archer) (last accessed June 11, 2020). This confirms his statements that he did not directly appeal or file any state habeas corpus actions. *See* ECF Nos. 5 at 3 and 11 at 2-4. Rodriguez was required to fully exhaust available state remedies before submitting his federal habeas petition. *See* 28 U.S.C. § 2254(b)(1)(A). He did not do so. Accordingly, because Rodriguez has failed to exhaust his state remedies, his Section 2254 petition should be denied.

## Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** the Amended Petition for Writ of Habeas Corpus, ECF No. 5, for failure to exhaust state remedies.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions,

and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed June 11, 2020.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

4